UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAMON RAMIREZ,

    Plaintiff,

v.

INTERNATIONAL BUSINESS MACHINES
CORPORATION d/b/a IBM,,

    Defendant.
_____/

Case No. 11-13528

Honorable Nancy G. Edmunds

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS [4] AND GRANTING PLAINTIFF'S ORAL MOTION FOR LEAVE TO AMEND HIS COMPLAINT**

This employment dispute comes before the Court on Defendant's motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6). Because Plaintiff's complaint sufficiently alleges facts supporting his claims of age and race discrimination under Michigan's Elliott-Larsen Civil Rights Act ("ELCRA"), Mich. Comp. Laws § 37.2101, *et seq.*, fraud, breach of contract, unjust enrichment, a violation of Michigan's Bullard-Plawecki Employee Right to Know Act, Mich. Comp. Laws § 423.501, *et seq.*, and violation of Michigan's Sales Representative Commission Act, Mich. Comp. Laws § 600.2961, *et seq.,* that are plausible on their face, Defendant's motion to dismiss is DENIED.

**I.    Facts**

The following facts are alleged in Plaintiff's complaint. Plaintiff began his employment with Defendant IBM as a salesman on or about March 5, 2007. His work performance was always satisfactory or above, and he was repeatedly praised by his clientele. On or about

July 17, 2008, Plaintiff's employment was terminated. (Pl.'s Compl., ¶¶ 4-7.) Plaintiff had an employment contract with Defendant that governed his compensation, bonuses, commissions, benefits, reimbursements and other perquisites, and Defendant breached Plaintiff's employment agreement. (*Id.* at ¶¶ 33-34.) Plaintiff performed services for Defendant, including account procurement, product sales, and other managerial duties, for which he was not properly compensated although these services bestowed a substantial benefit on Defendant. (*Id.* at ¶¶ 36-38.) Defendant failed to pay him the commissions he was entitled to receive. (*Id.* at ¶¶ 45-47.) Defendant has denied Plaintiff's repeated requests for a complete copy of his employment records and personnel files.

On July 18, 2011, Plaintiff filed a complaint in Oakland County Circuit Court alleging state-law claims of age and race discrimination in violation of Michigan's Elliott-Larsen Civil Rights Act ("ELCRA"), fraud, breach of contract, unjust enrichment, a violation of Michigan's Bullard-Plawecki Employee Right to Know Act, and violation of Michigan's Sales Representative Commission Act. Defendant removed this action to federal court based on diversity jurisdiction. This matter is now before the Court on Defendant IBM's Rule 12(b)(6) motion to dismiss.

## II.     Rule 12(b)(6) Standard

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. In a light most favorable to the plaintiff, the court must assume that the plaintiff's factual allegations are true and determine whether the complaint states a valid claim for relief. *See Albright v. Oliver*, 510 U.S. 266 (1994); *Bower v. Fed. Express Corp.*, 96 F.3d 200, 203 (6th Cir. 1996). To survive a Rule 12(b)(6) motion to dismiss, the complaint's "factual allegations must be enough to raise a right to relief above the

2

speculative level on the assumption that all of the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and emphasis omitted). *See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007). "[T]hat a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id*. at 1950 (internal quotation marks and citation omitted). Moreover, "[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id.* (internal quotation marks and citation omitted). Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* In sum, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id*. at 1949 (internal quotation marks and citation omitted).

**III. Analysis**

Defendant's motion argues that each of Plaintiff's claims alleged in his complaint cannot survive a Rule 12(b)(6) challenge. The Court thus addresses each of Plaintiff's claims beginning with his claims of age and race discrimination.

**A. As Alleged, Plaintiff's Discrimination Claims Are Not Time-Barred**

Plaintiff's complaint, which was filed on July 18, 2011, alleges that his employment was terminated "on or about July 17, 2008." (Pl.'s Compl. at ¶ 7.) It is not disputed that discrimination claims under Michigan's ELCRA have a three year statute of limitation. *See Garg v. Macomb Cnty. Cmty. Health Servs.*, 696 N.W.2d 646, 659 (Mich. 2005) (holding that "a person must file a claim under the Civil Rights Act within three years of the date his or her cause of action accrues."). Rather, Defendant's motion misstates Plaintiff's complaint as alleging that he was terminated "on July 7, 2008," and then argues that his discrimination claims are time-barred because they accrued more than three years before he filed his complaint. (Def.'s Mot. at 4.) Plaintiff acknowledges that, despite Defendant's erroneous date, his factual allegation of "on or about July 17, 2008," should have been stated with greater clarity. Specifically, Plaintiff responds that he should have alleged facts stating that he received a letter from a supervisor "dated July 18, 2008, advising him that he was in fact being separated from the company, although he had until the beginning of August to decide whether or not to sign a proposed Separation Agreement," and thus his "date of discharge was certainly no earlier than the date of th[is] letter documenting [his] 'exit information,' and more likely was not until August 1, 2008, the deadline date Defendant IBM had given Plaintiff to respond to its separation offer." (Pl.'s Resp. at 3, 3 n.2, and 6.) Because the "on or about" language is broad enough to encompass a period of time within

4

the three year statute of limitation, and because Plaintiff should be afforded the opportunity to amend his complaint to plead the more specific facts asserted in his response, Defendant's motion to dismiss is denied as to Plaintiff's ELCRA discrimination claims alleged in Counts 1 and 2 of his complaint.

### B.  Whether Plaintiff Pleads Fraud with Sufficient Particularity

Count III of Plaintiff's complaint alleges a fraud claim.  Specifically, Plaintiff alleges that at the time he was hired, Defendant made representations to him about the financial performance and stability of Defendant IBM generally and specifically about the business units where Plaintiff would be working, including representations that the organizational structure that was currently in place at IBM would remain in place to support the sale and maintenance of the product Plaintiff would be selling as an employee of Defendant IBM. (Pl.'s Compl. at ¶ 24.)  Plaintiff further alleges that, although Defendant had a duty to do so, it failed to disclose material facts at the time Plaintiff was hired that would affect his continued employment at IBM, including facts about the financial performance and stability of Defendant IBM generally and specifically about the particular business units that Plaintiff would be hired into, facts about the sales performance of his predecessor, the sales history of the product he would be selling as an employee, the status of the organizational structure then in existence, and Defendant's plans for personnel reduction.  Plaintiff then alleges that Defendant made the above-described representations and omissions of material fact to induce him to accept employment at Defendant IBM, that he reasonably relied on these material misrepresentations and omissions when he decided to accept the offer of employment, and that he suffered a substantial detriment, i.e., foregoing a career

opportunity with another employer only to be selected for a permanent layoff by Defendant IBM a mere 15 months after being hired. (*Id.* at ¶¶ 25-30.)

In its motion, Defendant IBM first argues that Plaintiff's fraud claim should be dismissed because it is not pled with particularity as required by Federal Rule Civil Procedure 9(b), i.e., Plaintiff fails to identify the time, place, speaker, and content of the allegedly fraudulent statements or omissions. Defendant next argues that Plaintiff's fraud claims should be dismissed under Rule 12(b)(6) because they are based on future conduct, i.e., Defendant IBM's future plans, future projections and financial forecasts, and actionable fraud must be based on statements regarding a past or existing fact, not future conduct.

Plaintiff responds to Defendant's Rule 9(b) lack-of-particularity argument by providing facts not alleged in his complaint. These include the identity of the speakers, i.e., Lori Humbe and Rachael Sepcic; the time and place, i.e., during and at his hiring interview; and the content of Defendant's allegedly fraudulent statements, i.e., that the Great Lakes Business Unit and Rational Sales product sales force that Plaintiff would be joining at Defendant IBM was stable, had grown in sales and profitability over the preceding years, was not the subject of any plans for cut backs, and that plans existed to expand the business unit's sales force even beyond hiring Plaintiff. (Pl.'s Resp. at 7.)

At the November 2, 2011 hearing, Plaintiff orally moved for leave to amend his complaint so as to plead the above-alleged facts with sufficient particularity. For the reasons stated on the record and in this Order, Plaintiff's request is GRANTED. Plaintiff's amended complaint must be filed within 21 days after entry of this Order.

In response to Defendant's Rule 12(b)(6) arguments, Plaintiff persuasively argues that he can state a claim for relief for fraud in the inducement despite Defendant's arguments

that fraud claims cannot be based on future conduct. Plaintiff also persuasively argues that he can state a claim for silent fraud despite Defendant's argument that no such claim can exist in an at-will employment situation.

It is true that generally, under Michigan law, "actionable fraud must be predicated on a statement relating to a past or existing fact." *Custom Data Solutions, Inc. v. Preferred Capital, Inc.*, 733 N.W.2d 102, 104 (Mich. Ct. App. 2006) (internal quotation marks and citation omitted). It is also true, however, that "Michigan also recognizes fraud in the inducement . . . [which] occurs where a party materially misrepresent[ed] future conduct under circumstances in which the assertions may reasonably be expected to be relied upon and are relied upon." *Id.* at 104-05 (internal quotation marks and citation omitted). The essential elements of a fraud in the inducement claim are:

> (1) the defendant made a material misrepresentation; (2) the representation was false; (3) when the defendant made the representation, the defendant knew it was false, or made it recklessly, without knowledge of its truth and as a positive assertion; (4) the defendant made the representation with the intention that the plaintiff would act upon it; (5) the plaintiff acted in reliance upon it; and (6) the plaintiff suffered damage.

*Id.* at 105 (internal quotation marks and citations omitted). Moreover, "[f]raud in the inducement to enter a contract renders the contract voidable at the option of the defrauded party," and "fraud that invalidates the entire contract" would also include any merger clause. *Id.* (internal quotation marks and citation omitted). Plaintiff's complaint thus alleges facts that include the essential elements of a fraud in the inducement claim under Michigan law.

Similar to the plaintiff in *Clement-Rowe v. Michigan Health Care Corp.*, 538 N.W.2d 20 (Mich. Ct. App. 1995), Plaintiff here also alleges silent fraud. "The false material

misrepresentation needed to establish fraud may be satisfied by the failure to divulge a fact or facts the defendant has a duty to disclose." *Id.* at 23. "A claim of silent fraud requires [that] a plaintiff allege that the defendant intended to induce him to rely on its nondisclosure and that defendant had an affirmative duty to disclose." *Id.* Just like the plaintiff in *Clement-Rowe*, Plaintiff here alleges that his employer had a duty to disclose its adverse financial conditions at the time of his hire, that Defendant IBM failed to do so, and that Defendant intended to induce him to rely on its nondisclosures and thus convince him to forego other employment prospects and accept employment with Defendant IBM. Moreover, Defendant's argument that Plaintiff's at-will status precludes a silent fraud claim was rejected by the *Clement-Rowe* court in words that apply with equal force in the current bleak employment market:

> Today's employment market is both tenuous and difficult. Nearly all employment is at-will. The economic well-being and financial stability of a potential employer is an important factor in accepting a job offer. Consequently, an employer who succeeds in asserting its economic health to attract qualified employees knowing the assertions are untrue may not later hide behind an at-will employment contract. Neither may it be permitted to avoid liability after omitting to disclose, when asked, known economic instability which later leads to economically-based layoffs.

*Id.* at 24-25. Contrary to the arguments in Defendant's motion to dismiss, Plaintiff has stated a claim for silent fraud that is cognizable under Michigan law.

### C. Plaintiff's Breach of Contract Claim

Plaintiff alleges in his complaint that he had an employment contract with Defendant IBM, i.e., that in exchange for his services, Defendant IBM would pay him a certain amount in the form of compensation, bonuses, commissions, benefits, reimbursements and other

8

perquisites. Plaintiff further alleges that Defendant IBM breached his employment contract. (Pl.'s Compl. ¶¶ 31-34.)

In its motion, Defendant IBM argues that Plaintiff's breach of contract claim must be dismissed because (1) under Michigan's procedural rules, all complaints alleging a breach of contract claim must attach the allegedly breached contract and Plaintiff has not done so here; (2) the factual allegations supporting Plaintiff's breach of contract claim are inadequate under *Twombly* and *Iqbal*; and (3) Plaintiff's alleged employment contract is barred under Michigan's statute of frauds, Mich. Comp. Laws § 566.132(1)(a), because it allegedly could not be performed within one year. Plaintiff responds that his breach of contract claim is based upon an oral employment agreement and that the factual allegations in his complaint are sufficient to survive a Rule 12(b)(6) challenge. This Court agrees with Plaintiff.

First, Michigan's procedural court rules do not apply here; the Federal Rules of Civil Procedure apply, and these do not require that a complaint alleging a breach of contract claim be accompanied by a copy of the allegedly breached contract. As Plaintiff points out, any such rule would ignore the existence and enforcement of oral contracts.

Second, contrary to Defendant IBM's arguments, the factual allegations in Plaintiff's complaint are "enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Twombly*, 550 U.S. at 555. Plaintiff's complaint contains "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949.

9

Third, the statute of frauds argument raised in Defendant's reply is rejected because it fails to acknowledge the critical difference between definite and indefinite hirings. As the Michigan Supreme Court observed:

> "There is indeed a practical difference between define and indefinite hirings. A contract for a definite term has been generally regarded to be within the section of the statute of frauds concerning an 'agreement that, by its terms, is not to be performed within 1 year from the making thereof,' M.C.L. § 556.132; . . . while an agreement for an indefinite term is generally regarded as not being within the proscription of the statute of frauds."

*Chires v. Cumulus Broadcasting, LLC*, 543 F. Supp. 2d 712, 719 (E.D. Mich. 2008) (quoting *Toussaint v. Blue Cross & Blue Shield of Mich.*, 408 Mich. 579, 612 n.24, 292 N.W.2d 880 (1980)). Here, the employment contract, as alleged by Plaintiff, is for an indefinite term and thus falls outside Michigan's statute of frauds' writing requirement.

### D. Plaintiff's Claim Under Michigan's Sales Representative Commissions Act

As recently observed by the Michigan Court of Appeals, the Sales Representative Commissions Act ("SRCA"), Mich. Comp. Laws § 600.2961, "was enacted in 1992 to provide special protection to sales representatives, with the Legislature's expressed public policy to provide significant protections for salespersons to collect his or her commissions." *Linsell v. Applied Handling, Inc.*, 697 N.W.2d 913, 920 (Mich. Ct. App. 2005). Moreover, "the Legislature included heavy penalties against violating principals to ensure that sales representatives in Michigan are paid the full commissions to which they are entitled, especially when those commissions fall due after the termination of the employment relationship." *Id.* at 921.

In his complaint, Plaintiff alleges that Defendant IBM violated the SRCA when it intentionally failed and/or refused to pay him the commissions he was entitled to receive.

(Pl.'s Compl. ¶¶ 44-47.) Contrary to Defendant's arguments, Michigan's SRCA is applicable to oral employment contracts. *See Linsell*, 697 N.W.2d at 916, 924 (applying the SRCA, observing that "[t]he jury found that [the defendant corporation] had an oral contract with plaintiff requiring [defendant] to pay plaintiff sales commissions for both pre- and post resignation sales, and that [defendant] beached its contract with plaintiff by failing to pay plaintiff sales commissions," affirming the jury's verdict as to unpaid commissions, and holding that damages under the SRCA's penalty provision "are limited to a single award of double the amount of commissions due but unpaid or $100,000, whichever is less."). Because Plaintiff's complaint alleges a cognizable claim for relief for Defendant's violation of the SRCA, Defendant's motion to dismiss this claim is denied.

### E. Plaintiff's Unjust Enrichment Claim

Plaintiff's complaint alleges that he performed various services for Defendant IBM, including account procurement, product sales and other managerial duties; that his performance bestowed a substantial benefit on Defendant for which he was not properly compensated; and that it would be unjust for Defendant to keep the benefit of his services without adequately compensating him. (Pl.'s Compl. ¶¶ 35-38.) In its motion, Defendant argues that, because Plaintiff has asserted the breach of an express contract, he cannot plead an unjust enrichment claim in the alternative. Defendant's argument is rejected. Neither the Federal Rules of Civil Procedure nor case law precludes alternative pleading. Indeed, Defendant denies the existence of an enforceable contract covering commissions. Plaintiff's alternative pleading properly anticipates such arguments. Defendant's motion to dismiss Plaintiff's unjust enrichment claim is denied.

### F. Plaintiff's Bullard-Plawecki Employee Right to Know Act Claim

Finally, Plaintiff's complaint alleges that Defendant violated Michigan's Bullard-Plawecki Employee Right to Know Act when it willfully failed and/or refused to comply with Plaintiff's demand for a complete copy of his employment records and personnel files. (Pl.'s Compl. ¶¶ 39-43.)  The Act "requires an employer, upon written request by an employee, to provide an employee with access to the employee's personnel record and with the ability to obtain a copy of such record."  *White v. Loomis Armored US, Inc.*, 729 F. Supp. 2d 897, 903 (E.D. Mich. 2010).  It also "provides an employee a private right of action for violations, and a court may compel production of the sought-after employment records."  *Id.*  Also, an "employee may recover 'actual damages plus costs,' and '[f]or a wilful and knowing violation of this act, $200.00 plus costs, reasonable attorney's fees, and actual damages.'"  *Id.* (quoting Mich. Comp. Laws § 423.511(a)-(b)).

That Defendant claims it has fully complied with its obligations under the Act does not, as a matter of law, preclude Plaintiff from stating a claim for relief under the Act.  Plaintiff has done so, and Defendant's motion to dismiss this claim is denied.

## IV. Conclusion

For the above-stated reasons, Defendant's motion to dismiss is DENIED, and Plaintiff's oral motion for leave to amend his complaint is GRANTED.  Plaintiff must file his amended complaint within 21 days after this Order is entered.

        s/Nancy G. Edmunds  
        Nancy G. Edmunds  
        United States District Judge

Dated:  November 3, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 3, 2011, by electronic and/or ordinary mail.

        s/Carol A. Hemeyer
        Case Manager